By the Court.
1. A petition, in an action by the creditors of an insolvent corporation to enfore the statutory liability of its stockholders, which avers that each of the defendants, except the corporation, is the holder of a specified number of shares of the capital stock of the corporation, contains a sufficient allegation that the defendants are stockholders. It need not be averred, in terms, that the defendants are owners of the stock held by them.
2. Holders of preferred stock are subject to the statutory liability, equally with the common stockholders.
3. When, in such action, the plaintiffs have not reduced their claims to judgment against the corporation, the stockholders can interpose only such defenses to them, as are available to the corporation.
*220 4. It is no defense to such action, that the defendants became stockholders after the liability of the corporation to the plaintiffs was incurred.
5. The equities between the holders of stock by assignment, and their assignors who are parties to the suit, may be adjusted in the final judgment.
6. A cause of action to impeach a settlement on the ground of fraud, is barred bjr the statute of limitations, unless an action is commenced thereon within four years after the discovery of the fraud; and the statute applies, as well, where the cause of action is set up by answer in an action brought for the balance found due on the settlement.
7. Where, in an action to enforce the stockholders’ statutory liability, the claims of creditors consist of promissory notes given by the corporation for amounts agreed upon on settlement of accounts and transactions between it and its creditors, and the stockholders by their answer, seek to open up, surcharge and falsify the settlement, for fraud of which they had knowledge more than four years before the commencement of the action, the statute of limitations is a good plea in bar to the granting of the affirmative relief sought by the answer.

Judgment affirmed.